## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| NIGEL TRICE JOYNER, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | 1:12-cv-1248-JMS-TAB |
| | ) | |
| BRIAN SMITH, | ) | |
| | ) | |
| Respondent. | ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

For the reasons explained in this Entry, the petition of Nigel Trice Joyner ("Joyner") for a writ of habeas corpus must be **denied** and this action **dismissed with prejudice.**

### Background

The pleadings and the expanded record in this action establish the following:

1.      Joyner is confined at an Indiana prison. He seeks a writ of habeas corpus with respect to a prison disciplinary proceeding identified as No. IYC 11-10-0269, wherein he was found guilty of having violated prison rules of conduct by committing assault on staff.

2.      A conduct report was issued on October 26, 2011, reciting that shortly after noon that day Joyner had struck the reporting officer while the officer was attempting to retrieve a cell phone (contraband) which had been thrown to Joyner by another offender.

3.      After being supplied with a copy of the written charge and notified of his procedural rights, Joyner was found guilty of the misconduct with which he had been charged at a hearing conducted on October 30, 2011. He was sanctioned, in part, with the deprivation of a period of earned good-time and a demotion in his credit class, his administrative appeals were rejected, and this action followed.

## Joyner's Claim

Contending that the proceeding described above is tainted by constitutional error, Joyner seeks a writ of habeas corpus. Joyner's specific contentions amount to the single claim that the hearing officer's decision was not supported by sufficient evidence.

## Discussion

A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. ' 2254(a) only if it finds the applicant Ais in custody in violation of the Constitution or laws or treaties of the United States.@ *Id.* When a prison disciplinary proceeding results in a sanction which affects the expected duration of a prisoner=s confinement, typically through the deprivation of earned good-time credits or the demotion in credit earning class, the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded. *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004).

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974). In these circumstances, Joyner was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

Under *Wolff* and *Hill,* Joyner received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Joyner was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of its findings, and (3) the conduct board issued a written reason for its decision and for the sanctions which were imposed.

Joyner's claim that there was insufficient evidence is unavailing here. The evidentiary standard of *Hill* is not demanding. Even a conduct report alone can provide sufficient evidence to support a finding of guilt. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir.1999). "In reviewing a decision for some evidence, courts are

not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *Id.* (quotations marks and citation omitted). The conduct report in this case was written by the officer who was assaulted and was based on her first-hand account of the event. Although the evidence before the disciplinary board must "point to the accused's guilt," *Lenea v. Lane, 882* F.2d 1171, 1175 (7th Cir. 1989), Λonly evidence that was presented to the Adjustment Committee is relevant to this analysis.@ *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992); *see also Hill,* 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Joyner's focus on whether the reporting officer was injured in the assault is not relevant to whether the assault occurred.

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Joyner to the relief he seeks. Accordingly, Joyner's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: _____03/21/2013_____

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Nigel Trice Joyner
No. 150058
Miami Correctional Facility
3038 West 850 South
Bunker Hill, IN   46914

Electronically Registered Counsel